UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:19-cr-338T-02-JSS

18 U.S.C. § 1014

BRANNON RUE

### INFORMATION

The United States Attorney charges:

### COUNT ONE
**(False Statement to a Financial Institution - 18 U.S.C. § 1014)**

On or about October 6, 2014, in Seminole County, in the Middle District of Florida, and elsewhere, the defendant,

BRANNON RUE,

knowingly made a false statement, and aided, abetted, induced, and procured the making of a false statement, and willfully caused the making of a false statement, in a Short Sale Affidavit submitted to a financial institution, that is, Bank of America, the deposits and accounts of which were insured by the FDIC, to wit: the defendant submitted a Short Sale Affidavit stating that a sale of property in Sanford, Florida, known to the United States and to the defendant, was an "arm's length" transaction between buyer and seller, when in truth and in fact as the defendant well knew, the purchase and sale of the property was not an "arm's

length" transaction because the defendant, through his company, Hatley Partners, acted as the buyer of the property and concealed his role as the seller by falsely listing another realtor from a different real estate company on the relevant short sale real estate contract, allowing the defendant to control and profit from all aspects of the short sale, and which statement the defendant made for the purpose of influencing in any way the action of Bank of America, in deciding to approve a short sale in the amount of $130,000.00, for the Sanford, Florida property.

In violation of 18 U.S.C. §§ 1014 and 2.

## FORFEITURES

1. The allegations contained in Count One of this Information is hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 18 U.S.C. § 982(a)(2).

2. From his engagement in the violation alleged in Count One of the Information, punishable by imprisonment for more than one year, the defendant,

BRANNON RUE,

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(2), any property constituting or derived from proceeds obtained directly or indirectly as a result of said violations.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of proceeds obtained as a result of the offenses.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Christopher Poor
Assistant United States Attorney

By: _____
Jay G. Trezevant
Assistant United States Attorney
Chief, Economic Crimes Section

3